[No. 10027. Department Two. August 21, 1912.]

C. S. Hood, *Respondent*, v. John Gerrick *et al.*,
*Appellants.*[1]

Continuance—Pleadings—Amendment. It is not error to refuse a continuance asked on account of a trial amendment to the complaint, stating in more detail matters that had been stated generally in the original pleading, where the amendment was not very material and did not affect in any way the issues on the merits or require different proofs to meet it.

Physicians and Surgeons—Services—Contract. Upon a general contract of hire to furnish such medical and surgical treatment for an employee as the physician may find necessary, a second operation is within the contract, if it was necessary for the recovery of the patient.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered June 19, 1911, upon findings in favor of the plaintiff for services performed, etc., after a trial to the court. Affirmed.

*Milo A. Root*, for appellants.

*Neterer & Pemberton*, for respondent.

Per Curiam.—One Larry George, while in the employment of the appellants as foreman superintending the construction of a railroad bridge, met with an accident. Some person, in no way connected with the appellants, called the respondent to attend the injured man. He responded to the call, gave the injured man medical and surgical aid, procured temporary hospital quarters, and engaged the services of a professional nurse. Mr. George's injuries were of a serious nature. His right leg was crushed from the knee down, requiring immediate amputation; his left leg between the knee and the ankle, his right arm between the elbow and the shoulder, his right clavicle, and two of his ribs, were broken; he received an injury to the spine, severe contusions on vari-

[1]Reported in 125 Pac. 956.

ous parts of the body, and a severe scalp wound. Neither of
the appellants were present at the place of the accident at
the time it occurred. Some five days thereafter, John Ger-
rick appeared at the place where the injured man was being
cared for, and according to the respondent, made an arrange-
ment for his future care. The respondent testified that he
explained to Gerrick the desperate nature of George's in-
juries, the necessity of keeping a nurse with him at all hours
of the day and night, the number of nurses that would be
required for that purpose, and the cost of their services;
that Gerrick knowing these facts arranged with him to con-
tinue the care and treatment of the injured man, employ such
assistants as he found necessary and promised that the ap-
pellant firm would pay the expense thereof. The respondent
continued his treatment until the appellant left the hospital,
rendering bills to the appellants for his services, a small part
only of which were paid. The respondent sued for the serv-
ices of himself and the nurses he employed for the entire
period of service, those performed before the appearance of
John Gerrick, as well as those performed afterwards. The
appellants denied liability for any part of the services. The
issue was tried by the judge sitting without a jury, and re-
sulted in a judgment in favor of the respondent for the value
of his services subsequent to the time of the purported hiring
by John Gerrick, and for the services of the nurses subse-
quent to that time. This appeal is from the judgment ren-
dered.

During the course of the trial, the court granted the re-
spondent permission to amend his complaint, and refused to
continue the cause on the motion of the defendant after such
leave had been granted. The appellant has assigned error
upon both of these rulings, but we find nothing in them that
calls for a reversal. The amendment itself was not very ma-
terial. It simply alleged with more detail matters that had
been stated too generally perhaps in the original pleading.
It did not affect in any way the issues on the merits of the

claim and required no different proofs to meet its allega-
tions than were required to meet the allegations of the orig-
inal complaint. There could be, therefore, no error in allow-
ing the amendment nor surprise on the part of the defend-
ants warranting a continuance.

The contention is made that the evidence is insufficient to
support the judgment as a whole, and it is complained par-
ticularly that the recovery is too large. But on both of these
questions we think the findings of the trial court are jus-
tified. No recovery was allowed for the services of the plain-
tiff and the nurses prior to the time the agreement was had
between John Gerrick and the respondent, and the respond-
ent in his proofs had some difficulty in segregating the value
of his services at that precise line, but his evidence shows
services performed subsequent to that time of the reasonable
value allowed by the court. It is objected that a charge of
$125 made for a second operation on George's broken leg was
not within the terms of the contract proven, but we think it
was. The contract of hire was general, it was to furnish the
injured man with such medical and surgical treatment as in
the judgment of the respondent was necessary for his recov-
ery; and if the respondent found it necessary to perform an-
other operation upon his leg—and the proofs show it was so
necessary—he has the same right to perform and recover for
that service as he has for any other medical or surgical serv-
ice rendered him. The judgment will stand affirmed.